UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD COLEMAN (#2423887)                         CIVIL ACTION

VERSUS

JAMES M. LEBLANC                                  NO. 14-214-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 8, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD COLEMAN (#2423887)                           CIVIL ACTION

VERSUS

JAMES M. LEBLANC                                    NO. 14-214-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's Motion for Summary Judgment (R. Doc. 18). The Motion is opposed (R. Doc. 21).

The *pro se* plaintiff, an inmate previously confined[1] at the Riverbend Detention Center ("RDC"), Lake Providence, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc. He complains that his constitutional rights were violated through deliberate indifference to his serious medical needs.

The defendant moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavit of Rhonda Z. Weldon, a Master Record Inquiry, Department of Public Safety and Corrections Regulation No. B-05-005, and copies of three Input Screen Forms for various Requests for Administrative Remedy filed by the plaintiff. The plaintiff opposes the Motion relying on the pleadings, a Statement of Disputed Facts, copies of Requests for Administrative Remedy filed at RDC and responses thereto, a copy of correspondence labeled "A.R.P." and dated July 11, 2013, a Second Step Response Form bearing case number, "HDQ-2013-3935," the affidavit of Rhonda Z. Weldon, and an Input Screen form pertaining to a Request for Administrative Remedy, bearing case number, "HDQ-2013-1057."

---

[1] It appears from the plaintiff's Notice of Change of Address (R. Doc. 22) that the plaintiff is now in the re-entry program facilitated by the Orleans Parish Sheriff's Office.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that while confined at RDC he was suffering from a hernia which caused internal bleeding. The plaintiff further alleges that despite observation of the bleeding by unspecified staff and Sgt. Baker, his condition was not treated. The plaintiff contends that defendant LeBlanc purposefully placed him at RDC, a facility outside the custody and control of the Department of Corrections, with knowledge that necessary medical care would not be provided to the plaintiff. The plaintiff further contends that defendant LeBlanc would not take custody of the plaintiff in order for him to receive treatment for his hernia and internal bleeding.

In response to the plaintiff's allegations, the defendant argues that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. Specifically, the defendant asserts that the plaintiff failed to seek any form of administrative review with the Department of Corrections prior to filing suit. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*  "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

The defendant asserts that the plaintiff is a prisoner sentenced to the custody of the Louisiana Department of Corrections until June 17, 2016, but at the time in question was housed at RBC, a local facility not within the purview or control of the Department of Corrections or defendant LeBlanc.  The defendant further asserts that Department Regulation B-05-005 provides that a DOC prisoner housed at local facility is only required to complete a one step, rather than a two step grievance procedure, by filing an administrative grievance directly with the Department, not the local facility, before seeking judicial relief.[3]  The defendant contends that the plaintiff was well aware of required procedure to file a grievance when housed in a local facility, based upon three grievances he previously filed directly with the Department (*See* R. Doc. 18-6, p. 1-3); nevertheless, the plaintiff failed to file any grievance whatsoever with the Department regarding his claim against defendant LeBlanc.  The affidavit of Rhonda Z. Weldon (R. Doc. 18-3), paralegal for the Department of Public Safety and Corrections, Legal Services, Office of the Secretary, states that after a review of the entire administrative proceedings

---

[3] The defendant asserts that "DOC Prisoners housed at the local level file an administrative grievance directly with the Secretary of the Department, and these prisoners are only required to complete a one step process versus the two step process for those DOC prisoners house in a state prison facility." R. Doc. 18-2 at 2 n.4.  Defendant does not cite any portion of the record or any particular Department procedure in support of this assertion.

maintained by the Department of Public Safety and Corrections, she was unable to locate an Administrative Remedy Procedure filed by the plaintiff in connection with this matter.

The Court has reviewed the copy of Department Regulation B-05-005 attached to the defendant's Motion, and found no reference to the one step grievance procedure referenced by defendant.  The regulation does provide in potentially pertinent part, "Offenders housed in local jail facilities shall also be afforded reasonable access to a grievance remedy procedure as outlined in Department Regulation No. C-05-004 "Basic Jail Guidelines" (VI-B-002 Grievance Process)."  A copy of Department Regulation No. C-05-004 is not found in the record; therefore, it is unclear if this regulation sets out the one step grievance procedure referenced by the defendant.

Furthermore, the plaintiff has attached to his Opposition certain correspondence labeled "A.R.P." and dated July 11, 2013.  It is unclear who the correspondence is directed to, but the plaintiff states therein that he is not being treated for a hernia and bleeding and that he could die from lack of proper medical treatment, and he requests to see a doctor or to be transferred to a different facility to receive proper medical treatment.  The plaintiff has also attached a Second Step Response Form, bearing case number "HDQ-2013-3935", which states, "You may request transfer to another DOC facility through your current housing facility."  The defendant has attached an Input Screen form regarding the same case number; however, a complete copy of the grievance record pertaining to case number "HDQ-2013-3935" is not found in the court record.  As such, the Court cannot determine if the plaintiff's correspondence of July 13, 2013 is related to case number "HDQ-2013-3935."

Without having a copy of the one step grievance procedure that the defendant asserts was applicable to the plaintiff while housed at RDC, and without knowing whether the plaintiff's

correspondence of July 11, 2013 is related to grievance case number "HDW-2013-3935" or to any other grievance, it is impossible for the Court to determine whether the plaintiff exhausted his administrative remedies based upon the record currently before the Court.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment be denied, without prejudice to the defendant's right to refile a second Motion for Summary Judgment regarding the same subject matter.

Signed in Baton Rouge, Louisiana, on February 8, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**