UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD COLEMAN (#2423887)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES M. LEBLANC** | **NO. 14-214-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD COLEMAN (#2423887)                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC                                   NO. 14-214-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's Motion to Dismiss as Moot (R. Doc. 27). The Motion is not opposed.

The *pro se* plaintiff, an inmate previously confined at the Riverbend Detention Center ("RDC"), Lake Providence, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc. He complains that his constitutional rights were violated through deliberate indifference to his serious medical needs. The plaintiff prays for declaratory and injunctive relief in the form of medical care. (R. Doc. 1).

More specifically, the plaintiff alleges that while confined at RDC he was suffering from a hernia which caused internal bleeding. The plaintiff further alleges that despite observation of the bleeding by unspecified staff and Sgt. Baker, his condition was not treated. The plaintiff contends that defendant LeBlanc purposefully placed him at RDC, a facility outside the custody and control of the Department of Corrections, with knowledge that necessary medical care would not be provided to the plaintiff. The plaintiff further contends that defendant LeBlanc would not take custody of the plaintiff in order for him to receive treatment for his hernia and internal bleeding.

Defendant, James LeBlanc now moves to dismiss this matter as moot, since the plaintiff was released from the custody of the Department of Corrections on June 17, 2016. In support of his Motion, the defendant attaches a certified copy of the plaintiff's Master Record which reflects that the plaintiff was released upon expiration of his term on June 17, 2016. *See* R. Doc. 27-2. Plaintiff has not contested this representation or otherwise opposed the instant motion.

As pointed out by the defendant, the only form of relief sought by the plaintiff was injunctive and declaratory relief. (R. Doc. 1 at 6). An inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy and becomes moot once an inmate has been released from prison. *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001). Since the plaintiff has been released from the custody of the Department of Corrections, his request for relief fails to present a case or controversy and became moot upon his release. As such, the defendant's Motion should be granted.

## RECOMMENDATION

It is recommended that the defendant's Motion (R. Doc. 27) be granted, and that this matter be dismissed as moot.

Signed in Baton Rouge, Louisiana, on November 3, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**